COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


MAWIA H. MOHAMED
                                        MEMORANDUM OPINION*
v.    Record No. 1105-01-4                  PER CURIAM
                                         SEPTEMBER 4, 2001
MARRIOTT INTERNATIONAL, INC. AND
 INSURANCE COMPANY OF THE STATE
 OF PENNSYLVANIA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (David Rosenblum; Rosenblum & Rosenblum,
            L.L.C., on brief), for appellant.

            (John C. Duncan, III; Duncan and Hopkins,
            P.C., on brief), for appellees.


     Mawia H. Mohamed (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that his disability from December 7, 1999 through March 20,

2000, excluding the period of February 7, 2000 to February 20,

2000, was causally related to his July 26, 1998 compensable

injury by accident.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's change-in-condition application, the commission found as follows:

> The claimant sustained a compensable accident in 1998 from which he completely recovered.  For over one year he did his regular work which involved heavy lifting, did not need any medical treatment and he testified he was asymptomatic.
>
> On February 4, 1999, he felt back pain after he lifted ten or eleven heavy pieces of luggage.  Dr. [Lewis B.] Eberly examined him and found a radiculopathy on the claimant's left side.  In 1998, the radiculopathy was in the claimant's right side.
>
> Dr. Eberly has not said the claimant's current problems were caused by the 1998 accident.  He wrote the claimant had a "recurrent" radiculopathy but never identified if the recurrence was caused by the 1998 accident or the 1999 heavy lifting.  There is no claim for the 1999 accident.
>
> Without medical testimony of a causal relationship between the original injury and the back problems precipitated by the December 4, 1999, lifting incident, the claimant has failed to sustain his burden of proving causation to a reasonable medical probability.

- 2 -

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission was entitled to weigh the medical evidence. It did so and reasonably inferred that Dr. Eberly's medical records did not contain a persuasive opinion regarding causation.

In light of claimant's recovery from the initial injury in 1998, the one-year gap in medical treatment between that injury and the 1999 lifting incident, and the lack of any persuasive opinion from Dr. Eberly regarding causation, we cannot find as a matter of law that claimant's evidence sustained his burden of proving a causal connection between his current disability and his compensable 1998 injury by accident.

For these reasons, we affirm the commission's decision.

Affirmed.